UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JOHN GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 13-142-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Plaintiff John Green is an inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky.  Proceeding without an attorney, Green has filed a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, and pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  [Record No. 1]  He has also filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  [Record No. 2]  Having reviewed Green's fee motion, the Court will grant his request on the terms established by 28 U.S.C. § 1915(b).

Additionally, Green has filed a motion seeking the appointment of counsel to represent him in these proceedings pursuant to 28 U.S.C. § 1915(e)(1), on the grounds that he lacks legal training and cannot afford to retain private counsel.  [Record No. 4]  However, appointment of counsel under 28 U.S.C. § 1915(e)(1) in civil litigation is appropriate only in exceptional circumstances.  *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).  A court reviewing such a motion may consider the complexity of the case, *Lavado v. Keohane*, 992 F.2d 601, 605-06

(6th Cir. 1993), the ability of the plaintiff to represent himself competently, *Lanier*, 332 F.3d at 1006, and the movant's likelihood of success on the merits of the claim. *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009).  In weighing these factors, the Court notes that Green's Complaint explains the factual basis for his claims, includes references to the applicable statutory provisions regarding his claims under the FTCA, and includes extensive exhibits documenting the medical issue which forms the basis for his claims.  In short, Green appears able to adequately represent his own interests in this proceeding.  The appointment of counsel is, therefore, not warranted.

Green's motion requesting the issuance of a preliminary injunction is also pending. [Record No. 5]  Specifically, he seeks an order directing the defendants to send him to a specialist for treatment of his eczema.  [Record No. 5, p. 4]  In support, Green contends that the defendants have refused for four years to provide him with more extensive treatment for this condition.

A party moving for a preliminary injunction bears the burden of establishing his entitlement to a such extraordinary relief.  *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) ("A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."); *see also Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) ("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion.").  In determining whether to grant injunctive relief, the Court considers: (1) whether the moving party has shown a substantial likelihood that he will succeed on the merits; (2) whether the moving party would

suffer irreparable harm if the injunction is not granted; (3) whether granting the injunction will cause substantial harm to others; and (4) whether the public would be served by the injunction. *Rock & Roll Hall of Fame v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). While "no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

In the present case, Green has not demonstrated that his claims warrant preliminary injunctive relief. Specifically, he has neither adduced sufficient evidence to adequately demonstrate either a likelihood of success on the merits of his claims, or that he will suffer irreparable harm pending the outcome of this case. Green's Complaint indicates that he suffers from eczema, a chronic condition which causes skin inflammation that is treated palliatively, and for which there is no known cure. [Record No. 1, pp. 13, 16] Although Green contends that the medications he has been receiving do not adequately treat his symptoms, he acknowledges that prison medical staff have prescribed various creams, lotions, and shampoos in an effort to treat his condition. [*Id.*, p. 2] Upon Green's request, he was referred for examination and evaluation to the BOP's Regional Mast Physician who, on July 14, 2011, diagnosed him with eczema and prescribed medication to treat any flare-ups caused by the condition. [*See* Record No. 1, p. 13.] Additionally, the fact that on July 19, 2011, Green filed an inmate request to staff, alleging that his skin condition had already persisted for a substantial period of time, belies his argument concerning the immediacy of Court intervention and the danger of irreparable harm. [*Id.*, p. 9]

Additionally, Green's allegations also do not establish a likelihood of success on the merits. While Green disagrees with the course of treatment he has been provided, such a disagreement does not, by itself, indicate a violation of the Eighth Amendment. *Norfleet v.*

*Webster*, 439 F.3d 392, 397 (7th Cir. 2006) ("[A] difference of opinion among physicians on how an inmate should be treated cannot support a finding of deliberate indifference."); *see also Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996).  Green's conclusory assertion that the medical treatment he received was inadequate is likewise insufficient to establish a reasonable likelihood that he will prevail on his FTCA claim that the defendants' conduct amounts to medical malpractice under Kentucky law (a determination that must typically be established through expert medical testimony). *See Thomas v. United States*, No. 3:09-CV-478-H, 2011 WL 64028, at *6-7 (W.D. Ky. Jan. 7, 2011); *Baylis v. Lourdes Hosp., Inc.*, 805 S.W.2d 122, 124 (Ky. 1991).

Moreover, the claims raised in Green's Complaint are not issues for which a remedy at law is inadequate.  Green's Complaint and exhibits indicate that his belief that his medical care has been insufficient dates back to at least July 2009, and he does not allege that his skin condition has worsened in the recent past or is likely to do so in the near future.  Even if Green's allegations are taken as true, they demonstrate only that he may continue to suffer some discomfort during the pendency of this litigation, but there is nothing in the record to support his contention that any such injury may not be adequately addressed by a legal remedy.  Where, as here, the plaintiff's condition is a chronic one and the care challenged in his Complaint is the same that he has been receiving for an extended period of time, the plaintiff fails to establish that his remedy at law is inadequate. *Cf. Rodriguez v. Wiley*, No. 08-cv-2505-PAB-CBS, 2009 WL 6325780, at *3-4 (D. Colo. Aug. 14, 2009); *Daniel v. Craig*, No. 5:07-cv-465, 2008 WL 644883, at *3, (S.D. W. Va. May. 7, 2008).  Accordingly, it is hereby

**ORDERED** as follows:

1.      Plaintiff John Green's motion to proceed *in forma pauperis* [Record No. 2] is **GRANTED**.  Sections 1915(b)(1), (2), of Title 28 of the United States Code, require a prisoner to pay the $350.00 filing fee as set forth below.

2.      Within twenty-eight (28) days, Green must pay **$10.07** to the Clerk of the Court as an initial partial filing fee.  28 U.S.C. § 1915(b)(1)(A).

3.      The Clerk of the Court shall open an account in Green's name for receipt of the filing fee.  The Clerk shall complete a Notice of Payment Form (Form EDKy 525) with (a) Green's name, (b) his inmate registration number, and (c) this case number.  The Clerk shall send a copy of this Order and the Notice of Payment Form to the warden of the institution in which Green is currently confined.

4.      After the initial partial filing fee is paid, each month Green's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00.  The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid.  28 U.S.C. § 1915(b)(2).

5.      Plaintiff John Green's motion for the appointment of counsel [Record No. 4] is **DENIED**.

6.      Plaintiff John Green's motion for a preliminary injunction [Record No. 5] is **DENIED**.

7.      This matter stands submitted for initial screening.

This 24th day of July, 2013.



Signed By:

*Danny C. Reeves*

United States District Judge