UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JOHN GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 13-142-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| and KAREN BAKER, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

John Green is an inmate confined at the United States Penitentiary — McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Green filed a Complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 1] Because Green has been granted permission to pay the filing fee in installments, and because he asserts claims against government officials, the Court must conduct a preliminary review of his Complaint. 28 U.S.C. §§ 1915(e)(2), 1915A.

A district court is required to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Additionally, the Court evaluates Green's Complaint under a

more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage, Green's factual allegations are accepted as true and his legal claims are liberally construed in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his Complaint, Green alleges that he has been complaining to prison medical staff about a skin rash for more than four years. [Record No. 1, pp. 2-3] He contends that his assigned health care provider Physician's Assistant ("PA") Karen Baker has refused to provide additional or different care, or to refer him to an outside specialist. [Record No. 1, pp. 2-3] Notwithstanding Green's assertions, on July 14, 2011 at his request, Green was examined by the Bureau of Prisons' ("BOP") Regional Mast Physician. [*See id.*, p. 13.] Green was diagnosed with eczema, a chronic condition which causes skin inflammation that is treated palliatively, and for which there is no known cure. [*See id.*, pp. 13, 16.] While the physician prescribed a fluocinonide cream to treat any flare-ups, Green contends that the medication failed to treat his ailments. [*Id.*, pp. 3, 9-10]

On July 15, 2011, Green filed an informal grievance alleging that his condition had persisted for more than two years and that repeated visits to the health services department at the prison had failed to properly treat his condition. [*Id.*, pp. 8-9] However, after receiving his informal grievance, prison officials denied the relief requested by Green. [*Id.*, p. 10] This decision was affirmed in subsequent appeals to the warden and to the BOP's Regional Office. On May 2, 2012, the BOP's Central Office

denied Green's appeal, concluding that the treatment provided to him was appropriate. Green was advised to work with his health care providers to treat the symptoms of this chronic condition. [*See id.*, pp. 10-16.]

Unsatisfied with this determination, on July 7, 2012, Green filed a Standard Form 95, *Claim for Damage, Injury, or Death*, with the BOP, thereby satisfying the first step in exhausting a claim under the FTCA. [*Id.*, pp. 18-19] The BOP denied his claim on December 11, 2012, again finding that the medical care he was receiving was appropriate. Green was advised that if he disagreed with this determination he had six months to file suit with the appropriate district court. [*Id.*, p. 23] On May 28, 2013, Green filed his Complaint with United States District Court for the District of Columbia.[1] [*See id.*, p. 1.] The matter was subsequently transferred to this Court.[2] [*See* Civil Docket Sheet, Clerk's Note, Record No. 1; *see also* Record No. 6.]

Green claims that the defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment — a claim actionable under *Bivens*. He also alleges that the defendants' insufficient medical treatment constitutes negligence and infliction of emotional distress under state law — claims actionable under the FTCA. [Record No. 1, pp. 4-5] However, after reviewing the Complaint, the Court concludes

---

[1] Although Green's Complaint was not docketed by the United States District Court for the District of Columbia until June 26, 2013, the Complaint is file-stamped as having been received on May 31, 2013. [Record No. 1, p. 1] Nonetheless, because Green is entitled to the benefit of the "prison mailbox" rule, his Complaint is deemed to have been filed on May 28, 2013, the date he provided his Complaint to prison officials for filing. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2011).

[2] The Clerk's notation on the Civil Docket Sheet of this matter indicates that this action was transferred from the United States District Court for the District of Columbia on July 23, 2013; however, Green's Complaint was docketed as being filed with this Court on June 26, 2013. [*See* Civil Docket Sheet, Record No. 1.]

that Green's constitutional claims against PA Karen Baker are time-barred and must be dismissed. Additionally, his *Bivens* claims asserted against the United States and PA Baker, in her official capacity, are barred by sovereign immunity and will be dismissed. Finally, because Green's claims under the FTCA are timely, they will not be dismissed and the United States will be required to file a response.

### A. *Bivens* Claims

Neither 42 U.S.C. § 1983 nor the judicially-crafted remedy under *Bivens* includes a statutory limitations period. Accordingly, federal courts apply the most analogous statute of limitations of the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The events about which Green complains occurred in Kentucky. Therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

In a *Bivens* action, federal law supplies its own rule of claim accrual. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). The statute of limitations begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury that provides the basis for the claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005). In his July 15, 2011 informal grievance, Green complained that his condition had persisted, even after repeated visits to the prison's health services department and he requested a more effective treatment. [Record No. 1, pp. 8-9] Given Green's knowledge of his condition and his dissatisfaction with the treatment provided, the July 15, 2011

informal grievance indicates that his *Bivens* claim accrued no later than that date. Therefore, Green's Complaint had to be filed by July 15, 2012, to be timely.

Federal law requires prisoners to exhaust their administrative remedies prior to filing suit. 28 U.S.C. § 1997e(a). To avoid being placed in a "catch-22" the statute of limitations is tolled while a prisoner pursue administrative remedies, provided the prisoner is dilligent and his efforts are timely. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Cuco v. Fed. Med. Center–Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *25-26 (E.D. Ky. 2006) (*citing Miller v. Collins*, 305 F.3d 491, 495-96 (6th Cir. 2002)), *aff'd*, 257 F. App'x 897 (6th Cir. 2007). Here, the statute of limitations was tolled while Green pursued his administrative remedies from July 15, 2011, until the Central Office's final denial on May 2, 2012. [Record No. 1, p. 16] Therefore, Green was required to file his Complaint no later than one year from May 2, 2012. However, because he did not file suit until May 28, 2013, his *Bivens* claims are untimely and must be dismissed. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

To the extent Green intends to assert his *Bivens* claims against the United States, such claims are barred by sovereign immunity. *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) ("The United States has not waived immunity to *Bivens*-type actions.") (internal citations omitted). Likewise, Green's attempt to assert his *Bivens* claims against PA Baker in her official capacity fairs no better. Such claims against government agents in their official capacities are effectively claims made against the federal agency that employs that individual. Here, an official capacity claim against PA Baker would

effectively be a suit against the BOP. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). However, federal agencies may not be sued under *Bivens*. *Salt Lick Bancorp v. F.D.I.C.*, 187 F. App'x 428, 435 (6th Cir. 2006). Thus, to the extent Green asserts his *Bivens* claims against the United States and PA Baker in her official capacity, these claims will be dismissed.

B. **FTCA Claims**

A district court has subject matter jurisdiction over an FTCA claim only if the plaintiff previously presented his claim for administrative settlement to the appropriate federal agency within two years of its accrual and within six months after the agency has issued a final denial of the claim. 28 U.S.C. §§ 2401(b), 2675(a); *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331-33 (6th Cir. 2008); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002). The FTCA's statute of limitations is to be strictly construed and bars suits that do meet these two requirements. *Blakely*, 276 F.3d at 865. Green timely presented his claims for administrative settlement on July 7, 2012. He also filed suit within six months of the BOP's December 11, 2012 denial of these claims. [*See* Record No. 1, p. 23.] Thus, because Green's FTCA claims appear timely and his allegations adequately state a claim for relief, a response from the United States is warranted.

Finally, to the extent Green is attempting to assert his FTCA claims against individual federal employees, such claims will be dismissed. The FTCA permits an action only against the United States, not against individual federal employees or federal

agencies. 28 U.S.C. § 2677; *Mars v. Hanberry*, 752 F.2d 254, 255-56 (6th Cir. 1985) (holding that naming federal employees as defendants in an FTCA action rendered the complaint jurisdictionally defective); *Smith v. United States*, No. 4: 10-CV-P47, 2010 WL 3927506, at *3 (W.D. Ky. Oct. 4, 2010) (citations omitted). Accordingly, Green's FTCA claims against PA Baker will be dismissed.

Because Green has been granted pauper status, the London Clerk's Office and the United States Marshals Service ("USMS") will serve the summons and Complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff John Green's *Bivens* claims are **DISMISSED**, with prejudice.

2. Plaintiff John Green's claims against Defendant PA Karen Baker are **DISMISSED**, with prejudice. Defendant PA Karen Baker is **DISMISSED** from this action.

3. A Deputy Clerk in the London Clerk's Office shall prepare two "Service Packets" consisting of the following documents for service of process upon the United States of America:

    a. a completed summons form;

    b. the Complaint [Record No. 1];

    c. this Order; and

    d. a completed USM Form 285.

4. The London Deputy Clerk shall send the Service Packets to the USMS in Lexington, Kentucky, and note in the docket the date that they were delivered to the USMS.

5. The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to: (a) the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and (b) the Office of the Attorney General of the United States in Washington, D.C.

6. The plaintiff must immediately advise the London Clerk's Office of any change in his current mailing address. Failure to do so may result in dismissal of this case.

7. The plaintiff must communicate with the Court solely through notices or motions filed with the London Clerk's Office. The Court will disregard correspondence sent directly to any judge's chambers.

8. With every notice or motion filed with the Court, the plaintiff must: (a) mail a copy to each defendant (or to his or her attorney); and (b) at the end of the notice or motion, certify that he has mailed a copy to each defendant (or to his or her attorney) and the date on which this was done. The Court will disregard any notice or motion which does not include this certification.

This 17th day of January, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge