UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JOHN GREEN, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 6: 13-142-DCR |
| V. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pro se Plaintiff John Green is currently confined at the United States Penitentiary — McCreary in Pine Knot, Kentucky. Green claims that, for more than two years, he had been complaining to prison personnel about a serious skin condition. On June 26, 2013, Green filed suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 1] Green seeks compensatory and punitive damages as well as injunctive relief.

On January 17, 2014, the Court conducted a preliminary review of Green's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. Based on this review, the Court determined that Green's constitutional claims against Physician's Assistant ("PA") Karen Baker were time-barred and must be dismissed. Additionally, his *Bivens* claims asserted against the United States and PA Baker, in her official capacity, were barred by sovereign

-1-

immunity and, therefore, dismissed. However, the United States was required to respond to Green's claims under the FTCA. On March 21, 2014, the United States moved the Court to dismiss those claims or, alternatively, for summary judgment. [Record No. 16] Green responded to the motion on April 4, 2014. And on this date, the United States filed its reply. Having considered these materials, the Court concludes that summary judgment is appropriate with respect to Green's remaining claims.

## I.

The facts relevant to the pending motion are outlined in the Court's earlier Memorandum Opinion and Order. [Record No. 12] Green alleges that he has been complaining to prison medical staff about a skin rash for more than four years. [Record No. 1, pp. 2-3] He contends that his assigned health care provider, PA Baker, has refused to provide additional or different care, or to refer him to an outside specialist. [Record No. 1, pp. 2-3] Notwithstanding these assertions, on July 14, 2011, Green was examined by the Bureau of Prisons' ("BOP") Regional Mast Physician. [*See id.*, p. 13.] Green was diagnosed with eczema, a chronic condition which causes skin inflammation that is treated palliatively, and for which there is no known cure. [*See id.*, pp. 13, 16.] While the physician prescribed a fluocinonide cream to treat any flare-ups, Green contends that the medication failed to treat his ailments. [*Id.*, pp. 3, 9-10]

On July 15, 2011, Green filed an informal grievance alleging that his condition had persisted for more than two years and that repeated visits to the health services department at the prison had failed to properly treat his condition. [*Id.*, pp. 8-9] However, after

receiving his informal grievance, prison officials denied the relief requested by Green. [*Id.*, p. 10] This decision was affirmed in subsequent appeals to the warden and to the BOP's Regional Office. On May 2, 2012, the BOP's Central Office denied Green's appeal, concluding that the treatment provided to him was appropriate. Green was advised to work with his health care providers to treat the symptoms of this chronic condition. [*See id.*, pp. 10-16.]

Unsatisfied with this determination, on July 7, 2012, Green filed a Standard Form 95, *Claim for Damage, Injury, or Death*, with the BOP, thereby satisfying the first step in exhausting a claim under the FTCA. [*Id.*, pp. 18-19] The BOP denied his claim on December 11, 2012, again finding that the medical care he was receiving was appropriate. Green was advised that if he disagreed with this determination he had six months to file suit with the appropriate district court. [*Id.*, p. 23] On May 28, 2013, Green filed his Complaint which was subsequently transferred to this Court.

## II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). However, once the moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). Instead, the nonmoving party must present "significant probative evidence" of a genuine dispute . . . to defeat the motion for summary judgment. *Chao*, 285 F.3d at 424. The nonmoving party cannot simply rely upon the assertions in its pleadings. It must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

The United States contends that summary judgment is appropriate and Green's remaining claims should be dismissed because: (1) the medical care provided at USP McCreary has been consistent with the standard of a reasonably competent medical practitioner; (2) a request for a different form of treatment does not establish negligence or a claim for medical malpractice; and (3) the plaintiff's claims are only supported by speculation, possibility, and unsupported conclusions which do not establish that the government breached the applicable standard of care or caused Green to suffer harm and

damage. In response, Green asks the Court to provide funds so that he can employ an expert witness to support his claims.[1] Additionally, he seeks leave to conduct discovery. However, Green has not addressed the merits of the government's arguments.

### III.

After summarizing Green's administrative claims and treatment history [Record No. 16-1, p. 3-], the United States argues that summary judgment is appropriate. It contends that, under the FTCA, it may be held liable only to the extent that a private person would be liable under the same circumstances. *Risch v. Kenton County, et al.*, 2012 U.S. Dist. LEXIS 118567, *8 (E.D. Ky. 2012); *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). Under Kentucky law, a plaintiff must allege and prove that the treatment in issue fell below the standard of care and skill of a reasonably competent practitioner and that such negligence proximately caused the injury complained of. *Reams v. Stutler*, 642 S.W.2d 586, 588 (Ky. 1982); *Earle v. United States*, 2007 U.S. Dist. LEXIS 84216 (E.D. Ky. 2007). Further, expert testimony is required in most cases[2] alleging medical malpractice due to the highly technical and complicated nature of the claims. *Jason Rose v. United States*, 2011 U.S. Dist

---

[1] The United States objects to Green's request that the Court provide funds so that the plaintiff can employ an expert witness. [Record No. 20] It points out that, while Green has a constitutional right to access to the Courts, that right does not extend to employing experts free of charge. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983). Here, if the plaintiff's request were granted, the Court would not only be required to provide the necessary funding, it would also be necessary to locate an expert to examine Green. The record does not indicate that this would be anything other than a fishing expedition. Under the circumstances, the Court will deny Green's request. There is no indication in the present case – other than Green's shear speculation – that the abundant treatment he received was improper or inadequate.

[2] The United States acknowledges that Kentucky recognizes the "common knowledge exception" to the general rule that expert testimony is generally required in medical malpractice cases. *Hernandez v. United States*, 2009 WL 1586809, *4 (E.D. Ky. 2009). However, this exception is narrow such as claims involving a surgeon leaving a foreign object in the body or amputating the wrong limb. *Andrew v. Begley*, 203 S.W.2d 165, 170 (Ky. App. 2006). The exception would not apply in the present case.

LEXIS 22610, *3 (E.D. Ky. 2011); *Johnson v. Vaughn*, 370 S.W.2d 591, 597 (Ky. 1963); *Baylis v. Lourdes Hosp., Inc.*, 805 S.W.2d 122, 124 (Ky. 1991).

The United States contends that the facts of the present case are similar to those in *Beard v. United States*, 2009 WL 305893 (E.D. Ky. 2009). In *Beard*, the plaintiff alleged that he had received negligent medical treatment for a painful skin problem while being housed in disciplinary segregation at the Federal Medical Center in Lexington, Kentucky. Beard was placed in segregated housing for approximately eight months. The Court determined that expert testimony was necessary to establish a claim of medical negligence under Kentucky law. More specifically, the Court held that the proper treatment of the plaintiff's condition was not common knowledge. And because the plaintiff did not present necessary evidence regarding the standard of care for the subject medical condition or that he received treatment below the appropriate standard, summary judgment was appropriate. The Court finds this case to be sufficiently analogous to the facts presented here.

In addition to the foregoing argument, the United States points out that the plaintiff is not claiming that he did not receive treatment for his skin condition. Instead, he is asserting that the treatment he received was not appropriate. Citing, *inter alia, Hernandez v. United States*, 2009 U.S. Dist. LEXIS 51766, *11-12 (E.D.Ky. 2009), *Rodriguez v. Lappin*, 2009 U.S. Dist. LEXIS 82978 (E.D.Ky. 2009), and *Lyons v. Brandly*, 430 F.App'x 377, 379-81 (6th Cir. 2011), the government properly notes that Courts are reluctant to second-guess the adequacy of treatment (as opposed to the lack of treatment). Regarding this claim, the United States has provided documentation that Green was regularly examined and

extensively treated at USP McCreary's Health Services department from 2009 to 2013 for his skin complaints. He was promptly assessed with dermatitis/eczema and provided with several medications to address his condition. Unfortunately, however, it appears that Green's condition was chronic and not subject to cure. In short, Green has offered no evidence that this treatment was improper or fell below the applicable standard of care. And there is no evidence to support Green's claim that he was intentionally given incorrect medications or treatment.

Likewise, Green has failed to offer any evidence that he was injured as a result of the defendant's actions. Under the FTCA and the Prison Litigation Reform Act, 28 U.S.C. § 1346(b)(2), an inmate may not seek to recover damages for emotional distress absent a showing of a physical injury. *Wardell v. United States*, 2013 U.S. Dist. LEXIS 126473 (E.D.Ky. 2013); *Glover-Bryant v. Uptagraft*, 2009 U.S. Dist. LEXIS79342 (E.D.Ky. 2009). And here, Green has not met this burden. Instead, the medical care and treatment provided by BOP personnel provided the plaintiff with some relief for his chronic skin condition. [*See* Record No. 16-1; Exhibit 2, Dr. John Hardin Declaration, ¶ 3, Attachment B, Medical Records.] Further, under the facts presented, he cannot claim that his skin condition constitutes more that *de minimis* injury. Accordingly, summary judgment is appropriate.

**IV.**

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1.	The United States' Motion to Dismiss, or in the Alternative, for Summary Judgment [Record No. 16] is **GRANTED**.

2.	Summary Judgment is **ENTERED** in favor of the United States with respect to the remaining claims asserted by Plaintiff John Green.

3.	All remaining claims are **DISMISSED** and this action is **DISMISSED** and **STRICKEN** from the Court's docket.

4.	A final and appealable Judgment shall be entered this date.

This 15th day of April, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge